WILLIAM D. McLAUGHLIN & another *vs.* CITY OF BANGOR.

*Damages—for injury to personal property through defective way. Loss of use not an element.*

In an action against a town for an injury to a stage-coach caused solely by a defect in a highway, the loss of the use of the coach for a reasonable time, while it is being repaired, is not an element of damage.

ON EXCEPTIONS.

CASE, to recover damages for an injury to the plaintiffs' stage-coach, caused March 20, 1868, by being upset on account of an alleged defect in Harlow street, in Bangor, in front of the plaintiffs' public house.

It was in evidence, on the part of the plaintiffs, that, on the day alleged, their coach upon wheels was driven by their servant up to the door of their house, and then stopped to take in passengers from their house.

That some two or three days prior thereto, the servants of the city, directed by the street commissioner, cut a trench in the ice along the gutter of said street, near the curb-stone, in front of the house, from three to six inches deep, and about eight inches wide, for the purpose of carrying off the surface-water that accumulated from the melting snow and ice; that in consequence of the accumulation of snow and ice the shoulder of the street was higher than it otherwise would be, and correspondingly steeper from the shoulder to the gutter; that the coach stopped, with its wheels within three or four feet from said trench; that after the passengers entered the coach, the driver started the horses into the street, when the wheels commenced slewing, and finally slewed into the trench, and the coach was thereby upset and injured.

There was evidence on the part of the defendant tending to show that the defect, if any, was caused by the plaintiffs scraping the snow from their sidewalk and leaving it in the street, thereby

causing the steeper declivity from the shoulder of the street to the trench; and there was evidence to the contrary.

The other testimony in the case it is not necessary to report.

The presiding judge instructed the jury, *inter alia*, that it was the duty of the city to keep their roads safe and convenient for travelers with their horses, teams, and carriages; that in large and crowded cities and crowded thoroughfares more care was required to keep the roads in good repair, than where the travel is little and the inhabitants sparse.

That for the purpose of keeping their roads in repair, cities and towns have the legal right to raise or lower them to the inconvenience of those living upon them; they may cut them down or may raise them up so as to render access to premises bordering upon them almost impassable. If in raising or lowering a street it incommodes those living upon it, it is their misfortune.

That if plaintiffs are entitled to recover, the jury have their bill and have heard the testimony with regard to the injury to the coach. That the jury can see in that bill what were necessary items for the repair of the coach, and if they see fit they can give plaintiffs damage for the loss of the use of the coach a reasonable time the coach was being repaired.

*McCrillis & Flagg*, for the plaintiffs.

*A. L. Simpson*, city solicitor, for the defendant.

WALTON, J. In actions for injuries to personal property, the rule of damages, where no circumstances of aggravation are shown, is the difference in the value of the article before and after the injury. If the article is wholly destroyed, its fair market value at the time of its destruction, and a sum equal to lawful interest from that time to the time of the assessment of the damages, make up the amount which the plaintiff is entitled to recover. If the article is only partially destroyed, and the plaintiff retains it, the amount which he is entitled to recover is the difference between the value of the article before it was injured, and its value in its

injured condition. To this amount may be added a sum equal to interest from the time of the injury to the time of rendering the verdict. But to these sums nothing can properly be added for loss of the use of the article. And especially is this true, where, as in this case, there is no claim in the writ for such damages. Such damages are very uncertain. They are not necessarily a direct result of the injury, for the plaintiff may have had no occasion to use the article, or may have been able to supply himself with another equally convenient at little or no expense. They are at most, not direct, but uncertain and consequential, and to entitle a party to recover such damages in any case, he ought to be required to declare for them, that the other party may have notice of the claim and be prepared to meet it.

But whatever may be the rule in other cases, we are clear that in actions against towns for injuries claimed to have been received through defects in highways, no such new element of damage ought to be introduced. For some unaccountable reason verdicts against towns in such cases are now enormously large, and seem to be constantly growing larger; and to allow the introduction of a new element of damage, of so uncertain a character as the loss of the use of a mere chattel, would be a step in the wrong direction.

If the article was wholly destroyed, we presume no one would think of claiming damages for loss of the use of it, in addition to its full value. And we see no reason why a different rule should prevail where the loss is only temporary. It will take no longer to supply the loss in the one case than the other. And again, an article that is being used is being constantly worn out. The loss in wear and tear is, in the end, equivalent to its full value. To allow a party to recover for the use of an article, which in fact is not used, and also its full value, would be to allow him double damages for the same injury.

Our conclusion is, that the ruling of the presiding judge in this case, that the plaintiff was entitled to recover for loss of the use of the coach while it was being repaired, was erroneous. The amount allowed by the jury on this account may have been small, but we

McLaughlin *v.* City of Bangor.

think the ruling introduces a new and dangerous element into this class of cases, which it will not do to sanction.

*Exceptions sustained.*

*New trial granted.*

CUTTING, DICKERSON, and DANFORTH, JJ., concurred.

The following concurring opinion was submitted by

APPLETON, C. J.  I concur in this opinion.  The language of the statute is, "if any person . . . suffers any damage in his property, through any defect or want of repair or sufficient railing in any highway, townway, causeway, or bridge, he may recover for the same," etc.  The injury to the property must be direct and specific, and not consequential.  Such has been the uniform construction in Massachusetts as well as in this State.  *Harwood* v. *Lowell*, 4 Cush. 310.  The damage must be to the property whereby its value is destroyed or diminished.  *State* v. *Hewitt*, 31 Maine, 400; *Weeks* v. *Shirley*, 31 Maine, 270.  The right of a father to the future earnings of his minor children does not constitute present property, and is not embraced in the words " property " in the statute.  *Reed* v. *Belfast*, 20 Maine, 247.  The same principle applies here.  The plaintiff cannot recover what might have been the possible earnings of his coach if it had not been injured.